# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND
*Southern Division*

| | |
|---|---|
| RICHARD LOYA, | * |
|    Plaintiff, | * |
| v. | *    Case No.: GJH-19-1646 |
| | * |
| WEXFORD HEALTH SOURCES, INC., *et al.*, | * |
|    Defendants. | * |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**MEMORANDUM OPINION**

Plaintiff Richard Loya brought this civil action against Defendants Wexford Health Sources, Inc. ("Wexford"), Michael Smith, RN, Jewaher Abubaker, P.A., and Brenda Taft-Hall, RNP alleging claims of medical negligence (Count I) and deliberate indifference to a serious medical need under the Eighth Amendment and the Maryland Declaration of Rights (Count II). ECF No. 4. Pending before the Court is Defendants' Motion to Dismiss Count II. ECF No. 8. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2016). For the following reasons, Defendants' Motion to Dismiss is granted.

**I.     BACKGROUND[1]**

In June 2016, Plaintiff was in the custody of the Maryland Department of Public Safety and Correctional Services ("DPSCS") and incarcerated in the Eastern Correctional Institution ("ECI"). ECF No. 4 ¶¶ 6, 7. At that time, Defendant Wexford, a corporate health care provider, had a contract with DPSCS to provide medical care and treatment and utilization management

---

[1] Unless otherwise stated, the background facts are taken from Plaintiff's Amended Complaint, ECF No. 4, and are presumed to be true.

1

services for all individuals incarcerated in DPSCS correctional facilities, including ECI. ECF No. 4 ¶¶ 3, 8.

On June 19, 2016, while suffering from abdominal pain, Plaintiff was seen and evaluated by Defendant Smith, an employee of Defendant Wexford. *Id.* ¶ 9. Plaintiff complained of abdominal pain that he considered to be a ten on a scale of one to ten. *Id.* No treatment was rendered, but Plaintiff contends that Defendant Smith should have ordered blood work, urinalysis, and a possible CT scan of the abdomen. *Id.* Less than four hours later, Plaintiff returned to the ECI infirmary and was seen by Defendant Abubaker, another employee of Defendant Wexford. *Id.* ¶ 10. Plaintiff indicated that his abdominal pain had begun at least a week earlier, he had not had a bowel movement in several days, and he had associated vomiting with constipation. *Id.* Defendant Abubaker suggested observing Plaintiff in the dispensary, obtaining basic STAT labs, and providing Plaintiff with intravenous fluids, magnesium citrate, and a Fleets enema to help with constipation. *Id.* Plaintiff continued to suffer from severe abdominal pain, and constipation, and Plaintiff contends that blood work and imaging studies should have been done to rule out any acute abdominal pathology, but they were not. *Id.*

Two days later, on June 21, 2016, Plaintiff returned to the infirmary and was seen by Defendant Taft-Hall for right lower quadrant pain and constipation. *Id.* ¶ 11. He was sent to Bon Secours Hospital for further evaluation and treatment, where he was diagnosed with a ruptured appendix, free air in the abdomen, and suspected abdominal abscess. *Id.* ¶¶ 11, 12. He was rushed to the Operation Room for an emergent exploratory laparotomy. *Id.* ¶ 12. Plaintiff subsequently developed residual post-operation abdominal abscesses and continued to complain of abdominal pain. *Id.* ¶ 13.

On June 4, 2019, Plaintiff filed a Complaint in this Court, ECF No. 1, which he amended on June 7, 2019, ECF No. 4. He alleges a claim of battery in Count I and a claim of deliberate indifference to a serious medical in violation of the Eighth Amendment and the Maryland Declaration of Rights in Count II. ECF No. 4. On July 18, 2019, Defendants filed a Motion to Dismiss Count II. ECF No. 8. Plaintiff filed a response on August 5, 2019, ECF No. 10, and Defendants filed a reply on August 16, 2019, ECF No. 11.

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." *Hall v. DIRECTV, LLC*, 846 F.3d 757, 765 (4th Cir. 2017). However, Federal Rule of Civil Procedure 12(b)(6) provides for "the dismissal of a complaint if it fails to state a claim upon which relief can be granted." *Velencia v. Drezhlo*, No. RDB–12–237, 2012 WL 6562764, at *4 (D. Md. Dec. 13, 2012). A motion to dismiss under 12(b)(6) "test[s] the adequacy of a complaint." *Prelich v. Med. Res., Inc.*, 813 F. Supp. 2d 654, 660 (D. Md. 2011) (citing *German v. Fox*, 267 F. App'x 231, 233 (4th Cir. 2008)). Motions to dismiss for failure to state a claim do "not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Prelich*, 813 F. Supp. 2d at 660 (citing *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999)). To overcome a Rule 12(b)(6) motion, a complaint must allege enough facts to state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim is plausible when "the plaintiff pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

In evaluating the sufficiency of the plaintiff's claims, the Court accepts factual allegations in the complaint as true and construes them in the light most favorable to the plaintiff.

*See Albright v. Oliver*, 510 U.S. 266, 268 (1994); *Lambeth v. Bd. of Comm'rs of Davidson Cty.*, 407 F.3d 266, 268 (4th Cir. 2005). However, the complaint must contain more than "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement." *Nemet Chevrolet, Ltd v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009). The Court should not grant a motion to dismiss for failure to state a claim unless "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *GE Inv. Private Placement Partners II v. Parker*, 247 F.3d 543, 548 (4th Cir. 2001) (citing *H.J. Inc. v. Northwestern Bell Tel. Co.*, 492 U.S. 229, 249–50 (1989)). Where, as here, the defendant raises a statute of limitations defense, the defense is an appropriate ground for granting a motion to dismiss where the expiration of the relevant statute of limitation "is apparent from the face of the complaint." *Wright v. United States Postal Serv.*, 305 F. Supp. 2d 562, 563 (D. Md. 2004) (citing *Pantry Pride Enters., Inc. v. Glenlo Corp.*, 729 F.2d 963, 965 (4th Cir. 1984)).

## III. DISCUSSION

Defendants move to dismiss Count II of the Amended Complaint, which alleges deliberate indifference to a serious medical need in violation of the Eighth Amendment and the Maryland Declaration of Rights. Defendants contend that the Eighth Amendment claim must be dismissed because Defendants Smith and Abubaker did not have actual knowledge of a serious medical need, Defendant Taft-Hall immediately sent Plaintiff to the hospital once he presented with symptoms, and Defendant Wexford cannot be held liable because *respondeat superior* liability is not available under § 1983. Defendants contend that the Maryland Declaration of

Rights claim must be dismissed because Defendants are private individuals or entities and the Maryland Constitution does not provide any cause of action against them. ECF No. 8 at 3–6.[2]

In opposition, Plaintiff contends that the individual Defendants can be held liable because they were negligent in failing to diagnose his medical condition and Defendant Wexford can be held liable for failing to properly hire and train competent medical providers, failing to have proper medical facilities equipped for diagnosis testing, and failing to have proper procedures and policies establishing the proper course of action when presented with Plaintiff's condition. ECF No. 10 at 4–8.

### A. Eighth Amendment Claim

"A prison official's deliberate indifference to an inmate's serious medical needs constitutes cruel and unusual punishment under the Eighth Amendment." *Jackson v. Lightsey*, 775 F.3d 170, 178 (4th Cir. 2014) (citing *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). To show deliberate indifference to a serious medical need, a plaintiff must show that (1) his condition was serious, meaning it was "diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention," *id.* (citing *Iko v. Shreve*, 535 F.3d 225, 241 (4th Cir. 2008)) (internal quotation marks omitted), and (2) that the defendant "subjectively knows of and disregards an excessive risk to inmate health or safety," *id.* (citing *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)) (internal quotation marks omitted). "An official acts with deliberate indifference if he had actual knowledge of the prisoner's serious medical needs and the related risks, but nevertheless disregarded them." *DePaola v. Clarke*, 884 F.3d 481, 486 (4th Cir. 2018). "Neither an 'inadvertent failure to provide adequate medical care' nor 'negligence in diagnosing or treating a medical condition' amounts to

---

[2] Pin cites to documents filed on the Court's electronic filing system (CM/ECF) refer to the page numbers generated by that system.

deliberate indifference." *Gardner v. United States*, 184 F. Supp. 3d 175, 180 (D. Md. 2016) (quoting *Estelle*, 429 U.S. at 105–6).

Moreover, the doctrine of *respondeat superior* does not apply to § 1983 claims. *See Wellington v. Daniels*, 717 F.2d 932, 935 (4th Cir. 1983) (citing *Polk Cty. v. Dodson*, 454 U.S. 312, 325 (1981)). Thus, where, as here, a plaintiff sues an entity, the entity can be "liable only for its *own* illegal acts" and not vicariously liable for the conduct of its employees. *See Owens v. Baltimore City State's Attorneys Office*, 767 F.3d 379, 402 (4th Cir. 2014) (emphasis in original); *see also Powell v. Shopco Laurel Co.*, 678 F.2d 504, 506 (4th Cir. 1982) (finding that the lack of vicarious liability under § 1983 extends to private corporations acting under color of state law). Under this standard, the entity will be liable "if it follows a custom, policy, or practice" by which its employees "violate a plaintiff's constitutional rights." *See Owens*, 767 F.3d at 402.

Here, the Amended Complaint fails to state a claim for deliberate indifference against any of the four Defendants. With respect to Defendants Smith and Abubaker, the Complaint alleges that each saw and evaluated Plaintiff on June 19, 2016, he complained of intense abdominal pain that had been ongoing for a week, he had not had a bowel movement in several days, and he had associated vomiting. ECF No. 4 ¶¶ 9, 10. It alleges further that they should have ordered blood work, urinalysis, and a possible CT scan of the abdomen to rule out any acute abdominal pathology. *Id.* ¶ 10. There is no allegation, however, that Defendants Smith and Abubaker had "actual knowledge" that Plaintiff suffered from a condition more severe than the constipation for which they treated him, and so any subsequent failure to treat him for a serious condition cannot amount to deliberate indifference under the Eighth Amendment. *See DePaola*, 884 F.3d at 486. Indeed, any failure to properly diagnose or treat Plaintiff can amount only to a medical negligence claim of the type alleged in Count I of the Complaint, not a constitutional violation as

6

alleged in Count II. *See id.*; *Gardner*, 184 F. Supp. 3d at 180. Accordingly, Plaintiff's Eighth Amendment claims against Defendants Smith and Abubaker are dismissed.

With respect to Defendant Taft-Hall, the Complaint alleges only that Plaintiff saw her once on June 21, 2016, at which point Defendant Taft-Hall sent him to Bon Secours Hospital for further evaluation and treatment. ECF No. 4 ¶ 11. There is no allegation that Defendant Taft-Hall knew of a serious medical needed and disregarded it, and Plaintiff makes no argument as to how sending him to the hospital for further evaluation and treatment could possibly be an act of deliberate disregard to his medical needs. Accordingly, Plaintiff's Eighth Amendment claim against Defendant Taft-Hall is dismissed.

With respect to Defendant Wexford, the Complaint alleges Wexford's employees, Defendants Smith, Abubaker, and Taft-Hall, were deliberately indifferent to Plaintiff's serious medical needs, and that Defendant Wexford had a duty to properly diagnose and treat Plaintiff's appendicitis, failed to timely or properly diagnose and treat his appendicitis, and delayed Plaintiff's access to proper medical resources, thereby causing Plaintiff's appendix to rupture. ECF No. 4 ¶¶ 20–24. These allegations fail to state an Eighth Amendment claim against Defendant Wexford because it cannot be vicariously liable for the allegedly unconstitutional conduct of its employees, and the Complaint contains no allegation that the individual Defendants' conduct was taken pursuant to a "custom, policy, or practice" of Defendant Wexford's. *See Owens*, 767 F.3d at 402.

In his opposition, Plaintiff contends that his claim against Defendant Wexford "is not based on a *respondeat superior* theory but rather that Wexford should be responsible under the Eighth Amendment to the Constitution for failing to properly hire and train competent employees able to perform proper medical tests and procedures to diagnose an appendicitis and

7

to promptly and properly treat it, the failure to have proper medical facilities equipped to allow diagnostic testing to be done at the prison facility where [Plaintiff] was housed or, in the alternative, to have a proper policy and procedure for transfer of [Plaintiff] to a facility where a prompt and proper diagnosis could be made, and failing to have proper policies and procedures establishing when the personnel and facility was not equipped to diagnose and treat a specific medical problem." ECF No. 10 at 6. This articulation of Plaintiff's claims, however, frames those claims as negligence claims, rather than unconstitutional deliberate indifference claims, and Plaintiff cites to no authority from which the Court could conclude otherwise.

Moreover, to the extent that Plaintiff has actually raised a failure to train and supervise claim against Defendant Wexford, rather than a deliberate indifference claim, he has not alleged the "history of widespread abuse" that is necessary to plead such a claim. *See Wellington*, 717 F.2d at 936 (finding that failure to train and supervise will only give rise to § 1983 liability where "there is a history of widespread abuse"). Accordingly, Plaintiff's Eighth Amendment claim against Defendant Wexford is dismissed.

### B. Maryland Declaration of Rights Claim

Plaintiff raises the same deliberate indifference claim under the Maryland Declaration of Rights. However, Maryland "Constitutional provisions have the [] narrow focus of protecting citizens from certain unlawful acts committed by *government officials*." *DiPino v. Davis*, 354 Md. 18, 50–51 (1999) (emphasis added). Thus, although federal law provides a private cause of action where an individual's constitutional rights are violated by a party acting under the color of state law, like Defendants did in this case, Maryland law does not provide that same cause of action and only protects individuals from violations by government officials. Thus, because Defendants are not government officials, but rather private actors who are contracted to treat

individuals incarcerated in DPSCS correctional facilities, Plaintiff has no claim against them under Maryland law. *See Estate of Jones v. NMS Health Care of Hyattsville, LLC*, 903 F. Supp. 2d 323, 329 (D. Md. 2012) (finding that defendant, which was a private entity and not a public official or government agent, could not be liable for a violation of the Maryland Declaration of Rights).

Plaintiff contends that *Widgeon v. E. Shore Hosp. Ctr.*, 300 Md. 520 (1984) permits him to sue the private actors in this case for constitutional violations. ECF No. 10 at 7. The Court disagrees. In *Widgeon*, the Maryland Court of Appeals held that the plaintiff could sue a state hospital facility and its employees for violations of Articles 24 and 26 of the Maryland Declaration of Rights. 300 Md. at 523, 527–38. It did not hold, as Plaintiff seems to contend, that a private cause of action exists against any party that violates an individual's rights under Maryland law. Indeed, unlike *Widgeon*, where the defendants were a state-run hospital and its employees, *see* 300 Md. at 536 (referring to the state hospital and "individual state defendants"), the defendants in this case are a private corporation and its employees. Thus, no private cause of action exists against them for any conduct that Plaintiff contends is violative of the Maryland Declaration of Rights, and so Plaintiff's claim under the Maryland Declaration of Rights is dismissed.

### C. Medical Negligence Claim

The only remaining claim is the state-law medical negligence claim alleged in Count I of the Complaint. Although Defendants have not moved to dismiss Count I, the Court has an independent obligation to ensure that it retains subject-matter jurisdiction now that the only federal claims have been dismissed. *See Brickwood Contractors, Inc. v. Datanet Eng'g, Inc.*, 369 F.3d 385, 390 (4th Cir. 2004) ("[Q]uestions of subject-matter jurisdiction may be raised at any

9

point during the proceedings and may (or, more precisely, must) be raised *sua sponte* by the court."). District courts have diversity jurisdiction over civil actions between citizens of different states and where the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a)(1). Importantly, diversity jurisdiction requires complete diversity between *all* parties. *See Banca Del Sempione v. Provident Bank of Md.*, 85 F.3d 615 (4th Cir. 1996) (per curiam) (citing *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267 (1806)).

Here, it is not clear to the Court that there is complete diversity between Plaintiff, who is a citizen of Maryland, and each Defendant. Although Defendant Wexford is incorporated in Florida and has its principal place of business in Pennsylvania, the only allegation as to the domiciles of the individual Defendants is the Complaint's statement that "removal is not predicated *solely* on diversity, [so] the fact that defendants Smith, Abubaker, and Taft-Hall may be citizens of Maryland does not preclude this Court from exercising diversity jurisdiction even if [Plaintiff's] Count for deliberate indifference is dismissed, either voluntarily or upon motion by the defendants." ECF No. 4 ¶ 1 (emphasis in original). It is not clear what Plaintiff means to say through that statement, but because it is generally the plaintiff's burden to prove subject-matter jurisdiction, *see United States ex rel. Fadlalla v. DynCorp Int'l LLC*, 402 F. Supp. 3d 162, 176 (D. Md. 2019); *see also* Fed. R. Civ. P. 8(a)(1), and there are insufficient allegations in the Complaint from which the Court can determine that there is complete diversity, the Court concludes that it lacks subject-matter jurisdiction over the remaining medical

negligence claim in Count I. Accordingly, that claim must be dismissed.

## IV. CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss Count II is granted and Count I is dismissed for lack of subject-matter jurisdiction. A separate Order shall issue.

Date: <u>March   9, 2020</u>                                          <u>  /s/                                         </u>
GEORGE J. HAZEL
United States District Judge